UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel William Petersen, Civ. No. 02-333 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

E.F. Johnson Company,

Defendant.

---

This matter is before the Court on Plaintiff Daniel William Petersen's Motion to Remand for lack of subject matter jurisdiction. In his Motion, Petersen argues that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, does not apply to the severance plan in this case and that this Court, therefore, lacks federal question jurisdiction. Petersen also requests attorneys' fees. Because the Court denies Petersen's Motion to Remand, he is not entitled to attorneys' fees or costs.

**BACKGROUND**

Plaintiff Daniel William Petersen began employment as Director of Information Systems for Defendant E.F. Johnson Company in May 2000. Petersen was laid off on March 9, 2001, as a result of a reduction of employees due to economic conditions. E.F. Johnson claims that the lay-off was only temporary for Petersen and that it anticipated re-hiring him if conditions improved. Other employees were also laid off at that time, some permanently. During the time of Petersen's employment and at the time he was laid off, the company

FILED AUG 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

followed the "Directors Incentive Compensation Program" (the "Program" or "superceded program"). (See Morrison Aff. Ex. A.) The Program was a severance package for certain named positions, including Petersen's. However, on April 2, 2001, the company implemented a new severance program, the "Transcrypt Directors Severance Plan" (the "Plan" or "subsequent plan"). Both parties agree that this Plan is governed by ERISA. Six months after being laid off, Petersen was finally terminated by the company. At this point, he became eligible for the new Plan and, according to E.F. Johnson, refused benefits under this Plan.

Petersen asserts that only the first, now superceded, Program is relevant, as it was in effect on March 9, 2001. Petersen further argues that the Program is not covered by ERISA and, therefore, that this Court lacks subject matter jurisdiction to hear the state law contract claims. E.F. Johnson argues that both the Program and the Plan are relevant and covered by ERISA.

Petersen has asserted several reasons why this case lacks subject matter jurisdiction. First, Petersen claims that E.F. Johnson never intended ERISA to apply to the severance plan in this case. He argues that the Court can infer E.F. Johnson's intent from the Program's failure to comply with several basic requirements of ERISA. Second, Petersen contends that ERISA does not govern the severance program because it is not part of an ongoing administrative scheme. Third, Petersen characterizes the Program as a "top hat" plan or "golden parachute," and argues that ERISA exempts such plans from its provisions. Fourth

and finally, Petersen maintains that this Court can not base subject matter jurisdiction on a federal claim raised in defense of a well-pleaded complaint.

This Court disagrees with each of Petersen's arguments. ERISA's coverage extends to the Program and vests subject matter jurisdiction in this Court. Petersen's Motion is denied.

## DISCUSSION

### A. Standard of Review

As invoked by E.F. Johnson, 28 U.S.C. § 1441 allows for the removal of actions over which "the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), and actions "founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Id. § 1441(b). However, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When reviewing a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. Id.

### B. Subject Matter Jurisdiction

Initially, whether the Court has subject matter jurisdiction over this matter depends on whether ERISA applies to the superceded Program. E.F. Johnson argues that, because ERISA undisputedly applies to the new Plan, the Court has jurisdiction. Here, however,

Petersen's term of employment began and ended while the Program was in effect. The subsequent plan did not take effect until after E.F. Johnson terminated Petersen's employment. In light of E.F. Johnson's burden, whether ERISA also governs the subsequent plan is not relevant to jurisdiction.

ERISA does not apply to every pension, welfare benefit, or severance plan. The broad preemption provisions in ERISA, 29 U.S.C. § 1144(a), do not vest jurisdiction in a federal court unless ERISA governs the plan in question. Kulinsky v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994).

## C. ERISA

ERISA contains broad preemption provisions that apply to all claims relating to an employee benefit plan. 29 U.S.C. § 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987). However, for ERISA to apply, the superceded program must first meet the definition of an "employee benefit plan." Harris v. Arkansas Book Co., 794 F.2d 358, 360 (8th Cir. 1986) (adopting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982)); see also Bannister v. Sorenson, 103 F.3d 632, 636 (8th Cir. 1996). As a severance program, the Program must also be part of an ongoing administrative scheme. Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987). Finally, the Program must not be specifically exempted from ERISA's preemption provisions. 29 U.S.C. § 1003(b).

### 1. The Donovan Test

ERISA applies to the superceded program pursuant to the test set out in Donovan. To qualify as a plan under ERISA, a reasonable person must be able to "ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." Bannister, 103 F.3d at 636 (citing Northwest Airlines, Inc. v. Federal Ins. Co., 32 F.3d 349, 354 (8th Cir.1994) (quoting Donovan, 688 F.2d at 1373)). In this case, the Program specified the severance benefits provided and included an exhaustive list of the Program's participants. (Morrison Aff. Ex. A at 4-5.) The Program provides for a continuation of medical and dental benefits as well as a "one month salary severance benefit, for each full year of service . . . ." Id. A reasonable person would also be able to identify the source of financing for the superceded program. The source of the benefits is the same as the source of the participant's salary and medical benefits before termination: the company's general assets. Finally, while the Program does not explicitly contain procedures for receiving benefits, a reasonable person could ascertain the informal procedures to follow. The employee benefits plan in Donovan directed the insurer to determine all eligibility requirements and all "other terms, conditions, limitations, restrictions, and provisions applicable to a policy of group insurance." Donovan, 688 F.2d at 1374. From this, the Donovan court concluded that a reasonable person could ascertain the plan's procedures implicit in the above delegation. Id. Likewise, in this case, the Vice President for Human Resources administered the Program. (Morrison Aff. ¶ 2.) A reasonable person could infer that the Program directed all complaints and questions regarding the receipt of benefits to the Vice President of Human Resources.

Petersen argues that the Program failed to comply with the reporting and disclosure requirements of ERISA. However, these requirements do not determine whether ERISA applies or whether jurisdiction properly rests in this Court. These alleged defects are relevant to whether the Program complies with ERISA, not whether ERISA applies to the Program. Therefore, the Court finds that the Program satisfies the definition of an employee benefits plan set forth in Donovan.

2. Ongoing Administrative Scheme.

In addition to the Donovan test, the superceded program must also meet another requirement in order for ERISA to apply. ERISA only applies to severance plans that are part of an ongoing administrative scheme. Fort Halifax, 482 U.S. at 11. In Crews v. General American Life Insurance Co., the Eight Circuit Court of Appeals laid out factors to consider when deciding whether a plan is part of an ongoing scheme:

> When determining whether payments require an ongoing administrative scheme, we consider whether the payments are one-time lump sum payments or continuous payments, whether the employer undertook any long-term obligation with respect to the payments, whether the severance payments come due upon the occurrence of a single, unique event or any time that the employer terminates employees, and whether the severance arrangement under review requires the employer to engage in a case-by-case review of employees.

274 F.3d 502, 506 (8th Cir. 2001) (citing Emmenegger v. Bull Moose Tube Co., 197 F.3d 929, 934-35 (8th Cir. 1999)); Kulinski, 21 F.3d at 256-58.

The program in question here meets all of the factors from Crews. First, the Program provides continuation of salary and benefits, not a single, lump sum payment. (Morrison Aff.

Ex. A at 4.) Second, no single event triggers the Program's payments. Third, the Program represents the employer's long-term obligation to provide benefits for its employees. The individual participants are entitled to benefits for a limited time of three or six months. However, the Program itself obligates the employer to pay benefits indefinitely, upon any future termination of one of the employees named in the policy. (Morrison Aff. Ex. A at 4.) Finally, the Program requires that the employer determine whether an employee was terminated with or without cause, whether "all or substantially all" assets have been assigned or transferred in the event that the company is sold, and whether the terminated employee has found re-employment. Id. Therefore, this Court finds that the Program is part of an ongoing administrative scheme.

3. Express Exemption

Petersen argues that the severance program constitutes a "top hat" plan. ERISA defines top hat plans as those that are unfunded and maintained by an employer for the purpose of providing deferred compensation for a select group of highly compensated executive employees. 29 U.S.C. § 1051(2). Petersen contends that ERISA specifically exempts these types of plans from its coverage, citing 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1). This Court does not have to determine whether the Program actually meets the statutory definition in 29 U.S.C. §1051(2), because ERISA applies to top hat plans. See Kulinski, 21 F.3d at 257-58; Rockney v. Blohorn, 877 F.2d 637, 643-44 (8th Cir. 1989); Luke v. Ikon Office Solutions, Inc., Civ. No. 00-2755, 2002 WL 1835645, at *5-8 (D. Minn.

Aug. 1, 2002) (Tunheim, J.). ERISA exempts only five kinds of plans from its preemption provisions. 29 U.S.C. §1003(b). It does not exempt top hat plans from preemption, although top hat plans are exempt from other provisions of ERISA. 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1). The Program in this case is not one of the five types of exempt plans. Thus, the Program is covered by ERISA and Petersen's argument does not defeat subject matter jurisdiction.

**D. Well-Pleaded Complaint Rule**

Petersen contends that the well-pleaded complaint rule bars removal to federal court. In this case, the federal question does not appear in Petersen's original Complaint, which only raises claims based on state contract law. Instead, E.F. Johnson bases removal on the preemption provisions found in ERISA. Normally, Petersen would be correct; the well-pleaded complaint rule would bar jurisdiction. However, an established exception to the well-pleaded complaint rule exists for certain types of federal regulations that completely preempt state laws. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). In that case, the Supreme Court held that ERISA so completely preempts state law that any state claims relating to an employee benefit plan take on a federal character. Id. Thus, ERISA can be the basis for federal jurisdiction even when preemption is raised only in defense. Furthermore, this complete preemption doctrine applies to contract claims as well as state benefits regulations. Anderson v. John Morrell & Co., 830 F.2d 872, 875 (1987); Tower Asphalt Inc. v. Gordon, 840 F. Supp. 673, 674 (D. Minn. 1993) (Magnuson, J.). Thus, the preemption

defense establishes a federal question in ERISA cases. Here, Petersen's state contract law claims are of a federal character because they arise out of a contract that relates to an employee benefits plan and are preempted by ERISA. The Court, therefore, has jurisdiction over Petersen's claims.

**CONCLUSION**

For the foregoing reasons, and upon all the files, records, and proceedings herein, the Court concludes that ERISA preempts Peterson's claims. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Clerk Doc. No. 9) is **DENIED**.

Dated: August 23, 2002

Paul A. Magnuson
United States District Court Judge