UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel William Petersen,

Plaintiff,

v.

E.F. Johnson Company and
Transcrypt International Inc.,

Defendant.

Civ. No. 02-333 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

Plaintiff Daniel William Petersen brings this action to recover severance benefits under a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA"). The parties filed cross-Motions for Summary Judgment. For the reasons that follow, the Court denies both Motions.

**BACKGROUND**

Defendant E.F. Johnson Company ("E.F. Johnson") hired Petersen as Director of Information Systems on May 22, 2000. In response to an economic downturn, E.F. Johnson laid off some of its work force, including Petersen on March 9, 2001. While E.F. Johnson permanently terminated the employment of a second group of employees on that same date, it anticipated rehiring some or all of the laid-off employees from the first group.

At the time of the layoff, Petersen was subject to the terms of The Directors Incentive Compensation Program ("Program"). The Program provides severance benefits for

FILED OCT 18 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

employees "terminated without cause or terminated without cause as a result of change in control . . . ." (Morrison Aff. Ex. A at 4.) Petersen argues that the term "termination without cause" is ambiguous and that the Court should therefore consider the definition of "layoff" in an employee handbook given to Petersen when he began employment at E.F. Johnson. E.F. Johnson claims that the Program clearly defines "termination" and what the Program does not expressly include, it excludes. E.F. Johnson also refers to internal documents and letters it sent to Petersen to illustrate that he was not terminated, but in fact, temporarily laid off. Petersen denies having any knowledge of the internal documents and claims he did not know of the temporary nature of his layoff until his attorney began corresponding with E.F. Johnson in May 2001. E.F. Johnson submits evidence that it did adequately notify Petersen of his employment status on the day it laid him off.

E.F. Johnson adopted a new severance package in April 2001, one month after it laid off Petersen. Six months later, on September 9, 2001, E.F. Johnson automatically terminated Petersen's employment, along with the other employees it had placed on temporary layoff status. However, when E.F. Johnson finally terminated Petersen, it claims only the new severance plan covered his discharge, not the old, superceded Program. E.F. Johnson offered to pay Petersen benefits under the new plan, but Petersen refused. Petersen argues that his right to severance benefits vested upon his layoff in March 2001, under the Program, not the new plan.

Plaintiff makes its cross-Motion as part of its response to Defendant's Motion for Summary Judgment. E.F.Johnson correctly notes that Petersen's motion is untimely, as the agreed upon deadline for dispositive motions had passed. The Court will consider Petersen's motion, despite its untimely nature.

**STANDARD OF REVIEW**

**A. Summary Judgment**

The parties filed cross-Motions for Summary Judgment pursuant to Rule 56(c), which provides that a motion for summary judgment shall be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the non-moving party. Enter. Bank v. Magna Bank, 92 F.3d 740, 747 (8th Cir. 1996).

The burden of demonstrating that there are no genuine issues of material fact rests on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

### B. Review of Plan Administrator's Decision

Courts give deference to the decisions of a plan's administrator only when the plan grants discretionary authority to an administrator. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989); Meyer v. Duluth Bldg. Trades Welfare Fund, 299 F.3d 686, 689 (8th Cir. 2002). When the plan does not grant such discretion to a plan administrator, courts review the administrator's decision de novo. Id. In this case, the Program does not mention the word "discretion," it does not specify who the Plan Administrator is, and it does not include the term "Plan Administrator." (See Morrison Aff. Ex. A.) Therefore, the Court applies de novo review to the determinations of the Plan Administrator in this case.

## DISCUSSION

Three issues surface on review of the record and the briefs in this case. First, the parties dispute Petersen's actual employment status. Second, the parties disagree on whether the Program language is ambiguous. Finally, if ambiguous, the parties offer different meanings for the term "terminated without cause" in the Program. After a thorough review, the Court concludes that: (1) the record demonstrates that E.F. Johnson laid off Petersen on March 9, 2001, and did not permanently terminate his employment until six months later; (2) the Program did contain ambiguous language as a matter of law; and (3) the record contains evidence that creates an issue of material fact on the meaning of the Program's ambiguous terms.

**A. Petersen's Employment Status**

Petersen argues that he did not know of the temporary status of his layoff and believed he had been permanently discharged. If correct, then Petersen is eligible for benefits under the Program. The record in this case does not support Petersen's position. Petersen received a letter from the Human Resources department of E.F. Johnson on March 9, 2001, the very same day that his employment ended. (Wilson Aff. Ex. 1.) In the letter, Angela Hanson, an E.F. Johnson employee in the Human Resources Department, provides information to Petersen in response to his request for clarification regarding his benefits. (Id. "The following information is presented to answer some of your questions regarding your benefits upon your layoff from E.F. Johnson Company on March 9, 2001.") Based on that document from Petersen's own exhibits, and others (see Wilson Aff Exs. 2, 3), the Court finds that E.F. Johnson laid off Petersen and that Petersen knew of this employment status on March 9, 2001.

**B. Ambiguity**

The Court finds that the Program is ambiguous as a matter of law. Ambiguity exists when a term or a plan's language is reasonably susceptible to more than one interpretation. See Modern Heating & Air Conditioning, Inc. v. Loop Belden Porter, 493 N.W.2d 296, 301 (Minn. Ct. App. 1992) (defining ambiguity for contract law purposes). Courts give the plan's language its "common and ordinary meaning as a reasonable person in the position of the [plan] participant, not the actual participant, would have understood the words." Barker v.

Ceridian Corp., 122 F.3d 628, 634 (8th Cir. 1997) (quoting Chiles v. Ceridian Corp., 95 F.3d 1505, 1511 (10th Cir. 1996)). The court went on to say that the plan is a document intended to be easily interpreted by a layman, so "an employee should not be required to adopt the skills of a lawyer and parse specific undefined words throughout the entire document . . . ." Id. (quoting Chiles, 95 F.3d at 1517-18).

In this case, the Program stipulates that employees participating in the Program "will be provided with one month salary severance benefit, for each full year of service with a minimum of three months and a maximum of six months, for termination without cause or termination without cause as a result of a change of control . . . ." (Morrison Aff. Ex. A. at 4) The Program does not define the phrase "termination without cause." E.F. Johnson claims that the phrase does not include temporary layoffs because the Minnesota Supreme Court distinguished "layoff" and "termination" in 1945 and 1957. See Anderson v. Twin City Rapid Transit Co., 84 N.W.2d 593, 597 (Minn. 1957); Neif v. Tassie's Bakery, Inc., 17 N.W.2d 357, 358 (Minn. 1945). Following Barker, Petersen is not expected to make the legal distinction that Defendant relies on. To a reasonable person, the common and ordinary meaning of the phrase "termination without cause" could include "layoff," or "temporary layoff," or neither, or both. Thus, the Program's language is ambiguous as a matter of law.

**C. Outside Documents**

To resolve ambiguities in ERISA plans, courts look outside the four corners of the plan. Stearns v. NCR Corp., 297 F.3d 706, 710, 712 (8th Cir. 2002) (noting that "basic

principles of contract interpretation are often relevant in construing an ERISA plan," and if a provision is ambiguous, the court may look at extrinsic evidence to determine the parties' intent); Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 657 (8th Cir. 1992).

In this case, E.F. Johnson points to internal documents to show the temporary nature of the layoff. In response, Petersen turns the Court's attention to an employee handbook to determine the meaning of the term "layoff." The handbook defines "layoff" as an "involuntary employment termination initiated by the organization for non-disciplinary decisions." (Wilson Aff. Ex. 9 at 34.) The parties' competing interpretations and supporting evidence create an issue of fact on whether "termination" includes a temporary layoff or not.

**CONCLUSION**

Plaintiff's arguments create a fact question on the meaning of the phrase "termination without cause," and the Court denies Defendant's Summary Judgment Motion. However, because Defendant's internal documents reflect their intent to make the layoff temporary, the meaning of the disputed phrase remains unclear. Therefore, the Court also denies Plaintiff's cross-Motion.

Accordingly, after review of the record, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 24) is **DENIED**; and

2. Plaintiff's Motion for Summary Judgment (Clerk Doc. No. 34) is **DENIED**.

Dated: October 18, 2002

Paul A. Magnuson
United States District Court Judge