UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel William Petersen, Civ. File No. 02-333 (PAM/RLE)

Plaintiff,

v. **MEMORANDUM AND ORDER**

E.F. Johnson Company and
Transcrypt International, Inc.,

Defendants.

---

This matter is before the Court on Defendants' Motion to Amend the Judgment or, in the alternative for a new trial. For the reasons that follow, the Court denies the Motion. Because the Court set forth the facts of the case in previous orders, see Petersen v. E.F. Johnson, No. 02-333, 2002 WL 31898160 (D. Minn. Dec. 26, 2002), it need not repeat them all here.

Defendants initially offered certain employees severance benefits under the "Directors Incentive Compensation Program" (the "Program"). Defendants laid off Plaintiff on March 9, 2001, but did not terminate his employment until six months later. Shortly after the layoff, Defendants implemented the "Transcrypt Director's Severance Plan" (the "Plan") to supercede the Program. The new Plan drastically reduced the benefits to which its participants were entitled. To be eligible for benefits under the Plan, Defendants required Plaintiff to sign a written waiver, releasing them from their obligations under the Program. Plaintiff refused because signing the release would preclude his recovery under the Program.

FEB 10 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Under both plans, termination of employment obligated Defendants to make severance payments. Plaintiff brought this suit to recover severance benefits, arguing that his layoff constituted a termination under the terms of the Program. However, the Court found that Plaintiff's employment relationship continued after the layoff until six months later, when Defendants actually terminated his employment. Thus, the Court concluded that Plaintiff could not collect severance benefits under the superceded Program. The Court also ruled that Plaintiff had not lost his right to recover under the Plan when, in good faith, he initiated a suit to recover severance benefits under the superceded Program. Defendants now contend that the Court's ruling is contrary to law.

Courts have discretion to grant a motion to amend its findings. Adzick v. Unum Life Ins. Co., No. 99-808, 2002 WL 1991117, *1 (D. Minn. Aug. 22, 2002) (Tunheim, J.). "The trial court, in the exercise of its discretion, may review and amend its findings and conclusions to correct a manifest error." Id. The Court may grant a motion under Rule 59 when a new trial is necessary to prevent a miscarriage of justice. Harrison v. Purdy Bros. Trucking Co., 312 F.3d 346, 351 (8th Cir. 2002); Shim-A-Line, Inc. v. Northstar Mfg. Co., No. 3-91-520, 1994 WL 549517, *4 (D. Minn. Apr. 19, 1994) (Magnuson, J.). In this case, Defendants fail to show that the Court erred at all, much less that the Court committed a manifest error or miscarriage of justice.

Defendants claim that they have a right to condition benefits under the Plan on a signed release of all benefits under the Program. To support this conclusion, they site several cases, including Joe v. First Bank Sys., Inc., 202 F.3d 1067 (8th Cir. 2000). However,

because Defendants mischaracterize the Court's ruling, none of these cases is on point. Neither is their fallacious public policy argument well placed.

The Court did not find, as Defendants state, that the law prohibits employers from conditioning benefits on a written release. Plaintiff had a good faith belief that his rights under the Program vested in March 2001. Defendants did not implement the new Plan until one month later and did not remit the release for Plaintiff's signature until five months after that. Indeed, Plaintiff's counsel first contacted Defendants and made his intentions to commence this lawsuit known on May 2, 2001, a week after Plaintiff first learned that Defendants had rescinded the Program in favor of the Plan. The Court found that because Plaintiff believed his rights under the Program had vested, Defendants' demand that he sign the release placed Plaintiff in a Hobson's choice.

Defendants rely on the Eighth Circuit decision in Joe v. First Bank, but this case only serves to prove the Court correct. The plaintiff in Joe v. First Bank signed a release and then pursued claims under the superceded severance plan. The release precluded his recovery under that plan. For that reason, Plaintiff in this case refused to sign the release, afraid that doing so would eviscerate his claims under the Program. Therefore, Defendants reference to this and similar cases does not expose a miscarriage of justice. Likewise, Defendants fail to convince the Court in reciting a parade of public policy horribles. The Court's finding will not void the release provisions in all of Defendants' severance plans or those in all other employers' plans. Nor will the Court's ruling dissuade employers from providing severance benefits to their employees, as the Defendants surmise. Instead, the Court intends to

discourage employers from drastically reducing severance benefits after laying off, but before completely terminating, participating employees.

**CONCLUSION**

Defendants' Motion uncovers no errors in the Court's findings. Defendants, therefore, fall far short of the standards required to prevail on a motion brought under Rules 52(b) or 59. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion (Clerk Doc. No. 49) is **DENIED**.

Dated: February 6, 2003

Paul A. Magnuson
United States District Court Judge