UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel William Petersen, Civ. File No. 02-333 (PAM/RLE)

Plaintiff,

v. **ORDER**

E.F. Johnson Company and
Transcrypt International, Inc.,

Defendants.

---

This matter was tried to the Court during the week of November 4, 2002. At the close of trial, the Court issued an Order for Judgment, finding in favor of Defendants in part and in favor of Plaintiff in part. Defendants have appealed the latter portion of the Judgment, and now move the Court for an award of attorneys' fees in the amount of $63,000, covering only that amount incurred with respect to portion of the Judgment not subject to Defendants' appeal. For the following reasons, the Court denies Defendants' Motion.

Because the Court set forth the facts of the case in its Order for Judgment, Petersen v. E.F. Johnson Co., No. 02-333, 2002 WL 31898160, *1 (D. Minn. Dec. 26, 2002), it need not repeat them here. The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., unambiguously grants district courts discretion to award attorneys' fees to either party. 29 U.S.C. § 1132(g), quoted in Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 969 (8th Cir. 2002). Five factors guide the Court in its determination whether to award attorneys' fees: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of

FILED APR 23 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

attorneys' fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit other ERISA plan participants; and (5) the relative merits of the parties' positions. Id. (citing the factors enumerated in Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984)). Defendants contend that four of the five factors are present here. Specifically, Defendants argue that an award of attorneys' fees is justified because of Plaintiff's culpability, the merits of this case, the benefit to other participants, and the deterrent effect an award of attorneys' fees would have. In response, Plaintiff argues that his claims had merit and that he is unable to pay the amount requested. The Court finds that in this instance, all five factors favor Plaintiff.

Plaintiff did not act with bad faith, and the merits of Plaintiff's case militate against an award of attorneys' fees. In its previous Order, the Court found that Defendants communicated the temporary nature of the layoff to Plaintiff. Petersen, 2002 WL 31898160 at *2. However, the Court also found that the language of the severance plan was ambiguous. Id. at *1. Plaintiff brought suit under the reasonable belief that this Court could interpret the severance plan's ambiguity to include temporary terminations of employment. Plaintiff bears no culpability for taking this legal action, and while the Court ultimately found in favor of Defendants in part, Plaintiff's case had merit. Therefore, both of these factors weigh in favor of denying Defendants' request for fees. Moreover, because Plaintiff acted in good faith, there is no reason to deter future plaintiffs in similar circumstances from bringing a comparable lawsuit. The third factor also favors denying Defendants' Motion.

Defendants argue that a fourth factor supports an award of attorneys' fees. They

contend that denying Plaintiff's claim benefitted the remaining severance plan participants by protecting assets and keeping costs down. However, because only a few executives were participants in the severance plan at issue, denying Plaintiff's claim had an inconsequential effect on the remaining participants. Further, shortly after Defendants laid off Plaintiff, they adopted a new plan for the remaining participants. The new plan provided dramatically fewer benefits to the remaining participants. Therefore, Defendants' position, including the plan administrator's denial of Plaintiff's claim, the adoption of the new plan, and Defendants' arguments throughout this litigation, reveal that Defendants were not motivated by the desire to benefit the participants of this ERISA plan.

Finally, the Court also recognizes Plaintiff's inability to pay. As mentioned in his response, Plaintiff has been underemployed and unemployed since Defendants laid him off. Defendants' complete silence on this factor further illustrates the veracity of Plaintiff's averments concerning his current financial circumstances.

None of the four factors relied on by Defendants supports their Motion. In addition, the fifth factor weighs heavily in support of Plaintiff's opposition to this Motion. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for an Award of Attorneys' Fees (Clerk Doc. No. 58) is **DENIED**.

Dated: April 23, 2003

Paul A. Magnuson
United States District Court Judge