02-333
PAM\JGL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

Nos. 03-1494/1495

| | | |
|---|---|---|
| Daniel William Petersen, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the |
| E.F. Johnson Company, a Minnesota | * | District of Minnesota. |
| Corporation; Transcrypt International, | * | |
| Inc., also known as EFJ, Inc., | * | |
| | * | |
| Appellants/Cross- | * | |
| Appellees. | * | |

Submitted: February 11, 2004

Filed: April 29, 2004

Before BYE and HEANEY, Circuit Judges, and HOVLAND,[1] District Judge.

BYE, Circuit Judge.

This appeal involves a dispute over Daniel Petersen's right to severance benefits after he was laid off, and eventually terminated, by E.F. Johnson Company. The dispute arose when the company adopted a new and less-favorable employee

[1]The Honorable Daniel L. Hovland, Chief United States District Judge for the District of North Dakota, sitting by designation.

SCANNED
MAY 28 2004
U.S. DISTRICT COURT MPLS

severance benefits plan between his lay-off and his termination. Petersen believed he was entitled to benefits under the old plan, while the company believed he was limited to the new-plan benefits, but only if he agreed to waive his claim for the former plan benefits. Petersen elected not to waive his claim.

He originally filed this suit as a breach of contract action in state court. The company removed the case to federal court contending Petersen's right to severance benefits was governed by the Employment Retirement Income Security Act (ERISA). The district court determined Petersen's right to severance benefits was governed by ERISA and denied his motion to remand the case to state court. The district court further determined Petersen had no right to severance benefits under the old plan (a determination he does not challenge on appeal), but went on to determine the company inequitably conditioned Petersen's eligibility for new-plan benefits upon his execution of a release of the claim for old-plan benefits, and ordered E.F. Johnson to extend Petersen the more limited benefits available under the new plan.

The company appeals contending it could lawfully condition new-plan eligibility upon Petersen's release of the claim for old-plan benefits. He cross-appeals contending the old plan was not governed by ERISA and the district court erred when it failed to remand the case to state court. We reverse on the main appeal and affirm on the cross-appeal.

I

We start by addressing Petersen's claim the former benefits plan was not governed by ERISA. The question whether an employee benefits plan is governed by ERISA is a mixed question of fact and law which we review de novo. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994). We conclude the former benefits plan was governed by ERISA.

respect to benefits whose provision by nature requires an ongoing administrative program to meet the employer's obligation."). The factors to consider when deciding whether a plan is part of an ongoing administrative scheme are: (1) whether the payments are continual and ongoing rather than a one-time lump-sum payment; (2) whether the employer undertook any long-term obligation with respect to the payments; (3) whether the severance payments come due any time the employer terminates an employee rather than upon the occurrence of a single, unique event; and (4) whether the severance arrangement under review requires the employer to engage in a case-by-case review of employees. Crews v. Gen. Am. Life Ins. Co., 274 F.3d 502, 506 (8th Cir. 2001).

This plan had all the earmarks of one governed by ERISA. For example, the benefits were not one-time lump-sum payments, but included such things as the continuation of medical and dental benefits which were to be paid out over time. In addition, because the maximum amount of certain benefits was $5000, the company had to monitor payment of those benefits on an ongoing basis to ensure the total did not exceed $5000. Thus, it undertook long-term obligations with respect to the payment of certain severance benefits. Furthermore, there was not a single, unique event (such as a plant closure, see Fort Halifax, 482 U.S. at 1) triggering payment of benefits to all participants. Rather, eligible participants would receive a severance package upon their individual "termination without cause or termination without cause as a result of change in control." As a result, the plan required the company to engage in a case-by-case review of employees to determine eligibility for benefits; that is, E.F. Johnson had to determine whether a particular termination was with or without cause, and in some circumstances whether a change of control had occurred.

In sum, the plan required an ongoing administrative scheme, it was governed by ERISA, and therefore the district court did not err in refusing to remand the case to state court.

II

Next, we address the company's claim it could condition Petersen's eligibility for benefits under the new plan upon his execution of a release of claims under the former plan, and the district court abused its discretion in granting him new-plan benefits on equitable grounds. The question whether ERISA allows an employer to condition receipt of benefits upon execution of a release of an existing claim for benefits is an issue of law, and we review those issues de novo. Nelson v. Ramette (In re Nelson), 322 F.3d 541, 544 (8th Cir. 2003). The district court's decision to grant or deny equitable relief under ERISA is reviewed for an abuse of discretion. Brown v. Aventis Pharm. Inc., 341 F.3d 822, 825 (8th Cir. 2003). "A district court abuses its discretion if it applies the incorrect law." Smith v. Chem. Leaman Tank Lines, Inc., 285 F.3d 750, 752 (8th Cir. 2002).

We conclude the company had the right to condition Petersen's receipt of benefits under the new plan upon his execution of a waiver of his right to claim potential benefits under the former plan. See Lockheed Corp. v. Spink, 517 U.S. 882, 893-94 (1996) (indicating an employer can permissibly ask an employee to waive employment-related claims in return for receiving benefits the employer is not otherwise required to provide); see also Joe v. First Bank Sys., Inc., 202 F.3d 1067, 1071 (8th Cir. 2000) (recognizing an employer's right to condition payment of benefits upon the signing of a release of other employment-related claims because an employer has no obligation to offer any benefits whatsoever and therefore has the "right unilaterally to amend or eliminate a severance plan"); Jefferson v. Vickers, Inc., 102 F.3d 960, 964 (8th Cir. 1996) ("An employer does not violate ERISA when it conditions the receipt of early retirement benefits upon the participants' waiver of employment claims.").

Because E.F. Johnson could lawfully require Petersen to sign the release before giving him benefits under the new plan, the district court abused its discretion in

granting benefits to him upon equitable grounds. "A court in equity may not do that which the law forbids." United States v. Coastal Ref. and Mktg., Inc., 911 F.2d 1036, 1043 (5th Cir. 1990). "[W]herever the rights or the situation of parties are clearly defined and established by law, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim 'equitas sequitur legem' [equity follows the law] is strictly applicable." Hedges v. Dixon County, 150 U.S. 182, 192 (1893) (internal citation and quotations omitted).

We sympathize with Petersen's dilemma, but the company could have eliminated the old plan altogether and not offered its employees a new plan. Had that occurred, he would be in the same position he is now. He would have pursued his claim for old plan benefits and lost, as he had no accrued right to benefits under the old plan before it was eliminated. When the company decided to offer its employees a new plan, Petersen had the choice either to pursue his potential claim for benefits under the former plan, or accept the less-favorable benefits under the new plan. He chose to pursue the more-favorable benefits under the old plan, refused to sign the release, and subjected E.F. Johnson to the expense of the suit it sought to avoid by requesting the release. As it turns out, hindsight has revealed Petersen should have signed the release and accepted the reduction in benefits. The end result may seem unfair from Petersen's point of view, but it is not inequitable under the law because the company could lawfully ask Petersen to waive his potential claim for old-plan benefits in exchange for the right to benefits under the new plan.

III

We affirm the district court's denial of Petersen's motion to remand this case to state court. We reverse the district court's decision to grant him equitable relief in the form of benefits under the new plan, and remand for further proceedings consistent with this opinion.

HEANEY, Circuit Judge, dissenting.

I disagree with the majority insofar as it holds that Petersen is not eligible for benefits under the new plan. Therefore, I respectfully dissent and would affirm the district court in its entirety.

The majority cites to several cases which hold that an employer is free to condition the receipt of severance benefits upon an employee signing a release of claims. The law is well settled on this point: severance benefits are contingent and unaccrued, allowing an employer to unilaterally amend or eliminate a plan prior to the benefits vesting. Joe v. First Bank Sys., Inc., 202 F.3d 1067, 1071 (8th Cir. 2000). Based on the very unique facts of this case, however, the district court's finding that Petersen is still eligible for benefits under the new plan, despite bringing suit, does not offend this principle of law.

In this case, Petersen was laid off from his job. One month later, E.F. Johnson implemented a new, and less favorable, severance benefit plan. Shortly after that, Petersen, believing his rights had vested under the former plan, notified E.F. Johnson of his intention to commence a lawsuit. Six months after being laid off, Petersen was automatically terminated in accordance with company policy, and was presented with the dilemma of signing a release in exchange for a smaller severance package, or pursuing a lawsuit to claim benefits which he believed already vested.

I agree with the district court that allowing E.F. Johnson to drastically reduce severance benefits after laying off, but before terminating Petersen, leads to an inequitable result that should not stand. It is true that Petersen refused to sign the release when originally presented to him, but when an employer drastically reduces severance benefits after laying off, but before terminating an employee, and the employee brings a good faith suit believing that his right to benefits vested prior to the plan being amended, the employee should not be left without any benefits at all.

Petersen had a good faith claim that his benefits under the former plan had vested, which would have meant that E.F. Johnson was not free to change Petersen's benefit plan. Petersen brought a claim under the former plan, a claim which was strong enough to overcome summary judgment and proceed to trial. Based on these facts, I cannot agree that the district court erred in holding that Petersen is still eligible for benefits under the new plan.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

May 24, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

Re: 03-1494 Daniel W. Petersen vs. E.F. Johnson Co.

Re: 03-1495 Daniel W. Petersen vs. E.F. Johnson Co.

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Clerk of Court

srd

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable Paul A. Magnuson
Steven W. Wilson
Binh T. Tuong
Thomas J. Basting Jr.
David Richard Forro
Kenneth L. Wilson

District Court/Agency Case Number(s): CIV 02-333 PAM/JGL